**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HURON FIELDS,

    Defendant - Appellant.

No. 25-8029
(D.C. Nos. 2:25-CV-00111-KHR &
2:78-CR-00117-CAB)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Huron seeks a certificate of appealability (COA) to appeal from the district court's dismissal of his second or successive 28 U.S.C. § 2255 motion. *See* § 2255(h) (placing restrictions on second or successive § 2255 motions and requiring circuit court authorization to proceed in district court). We deny a COA and dismiss this matter.

In 1980, Mr. Fields pleaded guilty to five counts of kidnapping and was sentenced to a term of life in prison on two of the counts and fifteen years in prison on the three remaining counts, all to run consecutively. He did not appeal his conviction. In March 1998, he filed his first § 2255 motion. The district court dismissed the motion as

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

untimely, and we affirmed.  In 2009, he filed in this court a motion for authorization to file a second or successive § 2255 motion.  We denied the motion.

Mr. Fields then filed another § 2255 motion in the district court.  The district court dismissed the motion because, among other things, it was as an unauthorized second or successive § 2255 motion.  Mr. Fields filed a notice of appeal and now requests a COA to proceed with his appeal under 28 U.S.C. § 2253(c)(1)(A).

We may not grant a COA unless Mr. Fields "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  And, because the district court dismissed his § 2255 motion on procedural grounds—namely, that it was an unauthorized second or successive motion—he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

Mr. Fields does not contend the district court erred in concluding that his § 2255 motion was unauthorized.  Instead, he asserts the district court erred in failing to give him a warning as prescribed by *Castro v. United States*, 540 U.S. 375 (2003).  In *Castro*, the Supreme Court held that a district court cannot recharacterize a pro se prisoner's motion (such as a motion for a new trial) as a first § 2255 motion without informing him of the court's intent to do so and giving him certain related warnings about the consequences of that characterization.  *Id.* at 383.  *Castro* is inapplicable, however, because the district court did not recharacterize Mr. Fields's motion, which he plainly labeled as a § 2255 motion, and because it is not his first such motion.

2

Because Mr. Fields has not shown that reasonable jurists would find it debatable whether the district court was correct in its ruling that his second or successive § 2255 was unauthorized, we deny a COA and dismiss this matter. We further deny his motion for the appointment of counsel.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk